GRISBAUM, Judge.
INTRODUCTION
This appeal concerns the purchase of a partnership interest by plaintiff and the subsequent repurchase by defendants. We affirm.
ISSUES
We are called upon to determine two specific issues:
1. Whether plaintiff owned a transferable interest in Country Acres Partnership; and
2. Whether there was a completed sale of the plaintiffs interest to the defendants. FACTS
Mrs. Lottie Diaz is a sixty-eight year old widow whose taxes are prepared annually by Richard Kelley, a managing partner in Country Acres Partnership. In 1982, Kelley advised Diaz to invest in that partnership and on January 28, 1983, Mrs. Diaz gave Kelley a check in the amount of $67,-415.15, payable to Country Acres Partnership, for the purchase of a “full share”. The check was deposited in the Country Acres Partnership account, and then, some two weeks later, Mrs. Diaz became dissatisfied with the progress of the partnership and sought Kelley’s assistance in getting her money back. However, Kelley informed her that the partnership did not presently have the cash flow available to return her money.
Thereafter, Kelley, Kaiser, and Jefferson Development Corporation (defendants herein) arranged to purchase Mrs. Diaz’ interest in the partnership. An agreement to purchase her interest was drafted by Kelley and signed by the plaintiff, the defendants, and all of the general partners of Country Acres Partnership. Subsequently, Kelley, Kaiser and Jefferson Development Corporation were unable to secure the necessary financing and on January 31, 1984, issued the first of several promissory notes to Diaz for $67,415.15 with 13% interest, payable one year from date. As a result of this agreement, Kelley, who also did the books for Country Acres Partnership, transferred Mrs. Diaz’ interest on the books of the partnership to himself, Kaiser, and Jefferson Development Corporation.
At the end of the first year, defendants were unable to secure the necessary financing and by mutual agreement a second promissory note was substituted on January 31, 1985, with the same terms and conditions. At the end of that year, defendants were still unable to secure financing and a third promissory note was issued on January 31, 1986, with the only change being the reduction of the interest rate to 10%. Finally, Mrs. Diaz, in need of her money and tired of waiting, demanded and was issued a demand note on February 1, 1987, in the amount of $65,392.70, the reduction in principal resulting from an overpayment of interest by the defendants.
*23 In June, 1987, Mrs. Diaz demanded payment of the note and filed the present suit on July 28, 1987. After hearing the testimony of all parties, the trial court ruled in favor of Mrs. Diaz and the defendants now appeal.
LAW
La.C.C. art. 1927 provides:
A contract is formed by the consent of the parties established through offer and acceptance.
Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent.
Unless otherwise specified in the offer, there need not be conformity between the manner in which the offer is made and the manner in which the acceptance is made.
La.C.C. art. 2456 provides:
The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid.
La.C.C. art. 2802 provides:
The contract of partnership is governed by the provisions in the Title: Of Conventional Obligations, in all matters that are not otherwise provided for by this Title.
La.C.C. art. 2807 provides:
Unless otherwise agreed, unanimity is required to amend the partnership agreement, to admit new partners, to terminate the partnership, or to permit a partner to withdraw without just cause if the partnership has been constituted for a term.
Decisions affecting the management or operation of a partnership must be made by a majority of the partners, but the parties may stipulate otherwise.
ANALYSIS

Issue One

The record shows Mrs. Diaz tendered a check to the partnership which it deposited evidencing acceptance of her offer to purchase. Additionally, all arrangements were handled by Mr. Kelley who testified he told Mrs. Diaz she would have to sign some papers. However, she stated she was never informed of the need to sign any papers in order to complete the purchase. We find that under our Partnership statutory scheme, unanimous consent of the partners is all that is required to admit a new partner. Ergo, this issue lacks merit.

Issue Two

Our statutory law [C.C. 2456] provides that a sale is completed when there is agreement between the parties as to thing, price and consent. We see that on January 31, 1984, the defendants issued a promissory note for $67,415.15 to Mrs. Diaz for the purchase of her interest in Country Acre Partnership; then transferred that interest to themselves on the partnership books and received the appropriate yearly partnership tax forms. Furthermore, Mr. Kelley admits the only reason Mrs. Diaz had not been paid the principal on the note was their inability to secure the necessary financing. Additionally, the record shows that the notes were extended yearly with payment of interest only through 1987. In the final analysis, it is evidently clear the actions of all parties demonstrated a de facto sale.
For the reasons assigned, the judgment of the trial court is hereby, affirmed and all costs of this appeal are to be assessed against the appellants.
AFFIRMED.